```
              UNITED STATES DISTRICT COURT
              SOUTHERN DISTRICT OF FLORIDA

                    Case No. _____
```

JAMAR THOMPSON,

        Plaintiff,
vs.

OCEANIA CRUISES, INC.,
a foreign corporation;
INTERNATIONAL CRUISE SERVICES, INC.,
a foreign corporation; and
PRESTIGE CRUISE SERVICES LLC,
a foreign limited liability company;

        Defendants.

_____/

**SEAMAN'S COMPLAINT FOR MARITIME PERSONAL INJURY DAMAGES AND OTHER RELIEF WITH DEMAND FOR JURY TRIAL**

Plaintiff Seaman JAMAR THOMPSON ("Seaman THOMPSON"), sues Defendants OCEANIA CRUISES, INC.; INTERNATIONAL CRUISE SERVICES, INC.; and PRESTIGE CRUISE SERVICES LLC, and alleges:

**JURISDICTION**

1. The within action is within the diversity jurisdiction of this Court pursuant to 28 U.S.C. § 1332.

2. The within action is for damages involving a sum, exclusive of interest and cost, in excess of $75,000.00.

3. The within action is within the admiralty and maritime jurisdiction of this Court pursuant to 28 U.S.C. § 1333.

4. The within action is within the federal question jurisdiction of this Court pursuant to 28 U.S.C. § 1331.

**RIGHTS AND REMEDIES**

5. Seaman THOMPSON's rights to assert the within actions for <u>Jones Act Negligence</u>, <u>Unseaworthiness</u>, <u>Maintenance and Cure</u>, and

Case No. _____

<u>Unearned Wages</u> arise from his status as a seaman under the General Maritime Law of the United States.

6. The within action for <u>Jones Act Negligence</u> arises under the provisions of 46 U.S.C. § 30104, commonly referred to as the "Jones Act"

7. The within action for <u>Jones Act Negligence</u> seeks the full compensatory tort damages for maritime personal injuries to a seaman as provided for under the General Maritime Law of the United States.

8. The within action for <u>Unseaworthiness</u> arises under the General Maritime Law of the United States.

9. The within action for <u>Unseaworthiness</u> seeks the full compensatory tort damages for maritime personal injuries to a seaman as provided for under the General Maritime Law of the United States.

10. The within action for the <u>Maintenance and Cure</u> arises under the General Maritime Law of the United States.

11. The within action for the <u>Maintenance and Cure</u> seeks the full compensatory tort damages with an award of attorney's fees and such other additional damages for delays in tendering "Cure" to an injured seaman as provided for under the General Maritime Law of the United States.

12. The within action for the <u>Unearned Wages</u> component of the Maintenance and Cure owed to a seaman seeks the full payment of "Unearned Wages," if any, with an award of attorney's fees and such other additional damages for any failure to pay "Unearned Wages" to

Case No. _____

an injured seaman as provided for under the General Maritime Law of the United States.

13. All of the above actions are based on claims arising under federal laws within the meaning of Rule 4(k)(2), Federal Rules of Civil Procedure.

14. Seaman THOMPSON is entitled to institute and prosecute this action without the prepayment of fees or costs, or furnishing security for same, under authority of 28 U.S.C. § 1916.

**IDENTIFICATION OF THE PARTIES**

15. At all material times hetero, Seaman THOMPSON was, and still is, a citizen and resident of Jamaica.

16. At all material times hereto, Defendant OCEANIA CRUISES, INC. ("Defendant OCEANIA") was, and still is, a Panamanian or other foreign corporation doing business with substantial and not isolated business contacts in the United States with a principle place of business and/or base of operations at 8300 N.W. 33rd Street, Doral, Florida, and/or other address within this District.

17. At all material times hereto, Defendant INTERNATIONAL CRUISE SERVICES, INC. ("Defendant ICS") was, and still is, a Panamanian or other foreign corporation doing business with substantial and not isolated business contacts in the United States with a principle place of business and/or base of operations at 8300 N.W. 33rd Street, Doral, Florida, and/or other address within this District.

18. At all material times hereto, Defendant PRESTIGE CRUISE SERVICES LLC ("Defendant PRESTIGE") was, and still is, a Delaware

Case No. _____

or other foreign limited liability company doing business with substantial and not isolated business contacts in the United States with a principle place of business and/or base of operations at 8300 N.W. 33rd Street, Doral, Florida, and/or other address within this District.

19. Defendants OCEANIA, ICS, and PRESTIGE are subject to the jurisdiction of this Court pursuant to 46 U.S.C. § 30104, the "Jones Act"; the General Maritime Law of the United States; and Rule 4, Federal Rules of Civil Procedure.

20. At all times material hereto, Defendants OCEANIA, ICS, and PRESTIGE were, and still are, doing business with substantial nationwide business contacts in the United States within the meaning of Rule 4(k)(2), Federal Rules of Civil Procedure.

21. At all times material hereto, Defendants OCEANIA, ICS, and PRESTIGE, through their officers, employees, and/or agents, committed one or more of the acts set forth in Sections 48.081, 48.181, 48.19, and/or 48.193, Florida Statutes.

22. At all times material hereto, Defendants OCEANIA, ICS, and PRESTIGE, through their officers, employees, and/or agents, owned, operated, chartered, managed, navigated, maintained, acted as agents for, and/or were owners *pro hac vice* of the *M/V "OCEANIA RIVIERA"*, which a passenger cruise ship used for the transportation of passengers for hire as a common carrier upon international navigable waters.

23. At all times material hereto, Seaman THOMPSON was employed by Defendants OCEANIA, ICS, and PRESTIGE as a merchant

Case No. _____

seaman crewmember in the service of the *M/V "OCEANIA RIVIERA"* as a Utility Cleaner.

### **VENUE**

24. Venue is proper before this Court since one or more of Defendants OCEANIA, ICS, and/or PRESTIGE maintains its principal place of business and/or base of operations within this District.

25. Venue is proper before this Court pursuant to 25 U.S.C. § 56.

### **ALLEGATIONS COMMON TO ALL COUNTS**

26. On or about November 20, 2013, Seaman THOMPSON was injured while in the course and scope of his shipboard employment as a Utility Cleaner aboard the *M/V "OCEANIA RIVIERA"* when he was caused to slip and fall from a ladder.

27. At the aforementioned time and place, and due to the slippery, dangerous, and unsafe condition of the ladder which had been provided to him and he had been ordered to use, Seaman THOMPSON was caused to sustain serious physical injuries to his person, to include injuries to his lower back which required surgical intervention, specifically a Transforaminal Lumbar Interbody Fusion ("TLIF") performed on September 11, 2014.

28. As of the date of this Complaint, Seaman THOMPSON is still under medical care and treatment for his injuries.

Case No. _____

## COUNT I

## JONES ACT NEGLIGENCE

29. Plaintiff THOMPSON, references, incorporates, and realleges the allegations of Paragraphs 1 through 28 as fully as if set forth herein.

30. At all times material hereto, Defendants OCEANIA, ICS, and/or PRESTIGE owed a duty to Seaman THOMPSON to provide a safe place to work and to maintain the *M/V "OCEANIA RIVIERA"* in a reasonably safe condition.

31. Defendants OCEANIA, ICS, and/or PRESTIGE, through their officers, employees, and/or agents, breached their duty owed to Seaman THOMPSON by committing one or more of the following acts:

    a. Negligently failing to use reasonable care to provide and maintain a safe place to work for Seaman THOMPSON, fit with adequate equipment and appliances; and/or

    b. Negligently failing to use reasonable care to provide and maintain a safe place to work for Seaman THOMPSON, fit with a sufficient number of adequately trained and experienced crew; and/or

    c. Negligently failing to use reasonable care to provide and maintain a safe place to work for Seaman THOMPSON, fit with adequately trained and experienced onboard medical care providers; and/or

    d. Negligently failing to use reasonable care to provide and maintain a safe place to work for Seaman THOMPSON, fit

Case No. _____

with adequately trained and experienced shoreside medical care providers; and/or

    e.  Negligently failing to use reasonable care to take all reasonable measures and steps necessary to provide prompt, proper, and adequate medical care and treatment to Seaman THOMPSON; and/or

    f.  Negligently failing to use reasonable care to, in fact, provide prompt, proper, and adequate medical care and treatment to Seaman THOMPSON; and/or

    g.  Negligently failing to use reasonable care to promulgate and enforce reasonable rules, regulations, and procedures to ensure the safety and health of Seaman THOMPSON while he was engaged in the course and scope of his duties as a merchant seaman in the service of the *M/V "OCEANIA RIVIERA"* as a crewmember with the duties of a Utility Cleaner; and/or

    h.  Negligently failing to use reasonable care to discover the aforedescribed conditions when a reasonable inspection would have disclosed the existence of said dangerous conditions and deficiencies; and/or

    i.  Negligently failing to warn Seaman THOMPSON of the aforedescribed conditions when the existence of said dangerous conditions and deficiencies was or should have been known to Defendants OCEANIA, ICS, and/or PRESTIGE.

   32.  As a direct and proximate result of the negligence of Defendants OCEANIA, ICS, and/or PRESTIGE, through their officers, employees, and/or agents, Seaman THOMPSON sustained bodily injury

Case No. _____

and resulting pain and suffering, disability and disfigurement, mental anguish, loss of capacity for enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and aggravation of a previous existing condition.  The losses are either permanent or continuing and Seaman THOMPSON will suffer such losses in the future.

WHEREFORE, Seaman THOMPSON demands trial by jury and requests this Court enter judgment jointly and severally against Defendants OCEANIA, ICS, and/or PRESTIGE and their successors in interest, if any, for compensatory tort damages, pre- and post-judgment interest, costs of suit, and such other or further relief as this Court deems just and proper.

## **COUNT II**

## **UNSEAWORTHINESS**

33.  Seaman THOMPSON references, incorporates, and realleges the allegations of Paragraphs 1 through 28 as fully as if set forth herein.

34.  At all times material hereto, Defendants OCEANIA, ICS, and/or PRESTIGE had an absolute non-delagable duty to provide Seaman THOMPSON with a seaworthy vessel.

35.  Defendants OCEANIA, ICS, and/or PRESTIGE, through their officers, employees, and/or agents, breached their duty owed to Seaman THOMPSON when the *M/V "OCEANIA RIVIERA"* was unseaworthy for the following reasons:

Case No. _____

    a. Failing to provide adequate equipment and appliances; and/or

    b. Failing to provide sufficient number of adequately trained and experienced crew; and/or

    c. Failing to provide a seaworthy vessel fit with adequately trained and experienced onboard medical care providers; and/or

    d. Failing to take all reasonable measures and steps necessary to provide prompt, proper, and adequate medical care and treatment to Seaman THOMPSON; and/or

    e. Failing to, in fact, provide prompt, proper, and adequate medical care and treatment to Seaman THOMPSON; and/or

    f. Failing to have and enforce reasonable rules, regulations, and procedures to ensure the safety and health of Seaman THOMPSON; and/or

    g. Failing to discover the aforedescribed conditions when a reasonable inspection would have disclosed the existence of said dangerous conditions and deficiencies; and/or

    h. Failing to warn Seaman THOMPSON of the aforedescribed conditions when the existence of said dangerous conditions and deficiencies was or should have been known to Defendants OCEANIA, ICS, and/or PRESTIGE.

36. As a direct and proximate result of the negligence of Defendants OCEANIA, ICS, and/or PRESTIGE, through their officers, employees, and/or agents, Seaman THOMPSON sustained bodily injury and resulting pain and suffering, disability and disfigurement,

Case No. _____

mental anguish, loss of capacity for enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and aggravation of a previous existing condition.  The losses are either permanent or continuing and Seaman THOMPSON will suffer such losses in the future.

WHEREFORE, Seaman THOMPSON demands trial by jury and requests this Court enter judgment jointly and severally against Defendants OCEANIA, ICS, and/or PRESTIGE and their successors in interest, if any, for compensatory tort damages, pre- and post-judgment interest, costs of suit, and such other or further relief as this Court deems just and proper.

## COUNT III

### MAINTENANCE AND CURE

37. Seaman THOMPSON references, incorporates, and realleges the allegations of Paragraphs 1 through 28 as fully as if set forth herein.

38. At all times material hereto, Defendants OCEANIA, ICS, and/or PRESTIGE owed a duty under the General Maritime Law of the United States to provide Seaman THOMPSON with prompt, proper, and adequate Maintenance and Cure upon his becoming injured while in the service of the *M/V "OCEANIA RIVIERA."*

39. Under the General Maritime Law of the United States, the Maintenance and Cure to which Seaman THOMPSON is entitled includes the three remedies of "Maintenance," "Cure, and "Unearned Wages."

Case No. _____

40. The "Maintenance" remedy is the entitlement of a seaman who is injured while in the service of his ship to be paid for his food, lodging, and transportation to medical appointments until such point as he is medically declared to be at Maximum Medical Improvement ("MMI").

41. The "Cure" remedy is the entitlement of a seaman who is injured while in the service of his ship to be provided with prompt, proper, and adequate medical care and treatment until the point of MMI.

42. The Maintenance and Cure to which Seaman THOMPSON is entitled will continue to become due and owing to him until such point as he is medically declared to be at MMI.

43. The duty owed by Defendants OCEANIA, ICS, and/or PRESTIGE to provide Seaman THOMPSON with Maintenance and Cure includes the duty to timely take all reasonable measures and steps necessary to provide prompt, proper, and adequate medical care and treatment until such time as he is medically declared to be at MMI.

44. The duty owed by Defendants OCEANIA, ICS, and/or PRESTIGE to provide Seaman THOMPSON with Maintenance and Cure further includes the duty to, in fact, timely provide such prompt, proper, and adequate medical care and treatment until such point as he is medically declared to be at MMI.

45. Defendants OCEANIA, ICS, and/or PRESTIGE, through their agents, servants, and/or employees, breached their duty owed to Seaman THOMPSON by reason of the following:

Case No. _____

  a. Failing to timely and without unnecessary delay take all reasonable measures and steps necessary to provide prompt, proper, and adequate medical care and treatment to Seaman THOMPSON; and/or

  b. Failing to, in fact, timely and without unnecessary delay provide prompt, proper, and adequate medical care and treatment to Seaman THOMPSON.

  46. As a direct and proximate result of the failure of Defendants OCEANIA, ICS, and/or PRESTIGE, through their officers, employees, and/or agents, to timely discharge their duty to provide prompt, proper, and adequate Maintenance and Cure to Seaman THOMPSON without unnecessary delay, Seaman THOMPSON sustained bodily injury and resulting pain and suffering, disability and disfigurement, mental anguish, loss of capacity for enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and aggravation of a previous existing condition.  The losses are either permanent or continuing and Seaman THOMPSON will suffer such losses in the future.

  WHEREFORE, Seaman THOMPSON demands trial by jury and requests this Court enter judgment jointly and severally against Defendants OCEANIA, ICS, and/or PRESTIGE and their successors in interest, if any, for compensatory damages, pre- and post-judgment interest, costs of suit, attorney's fees and such other additional damages as provided for under the General Maritime Law of the United States,

Case No. _____

and such other or further relief as this Court deems just and proper.

### COUNT IV

### UNEARNED WAGES

47.  Seaman THOMPSON references, incorporates, and realleges the allegations of Paragraphs 1 through 28 as fully as if set forth herein.

48.  At all times material hereto, Defendants OCEANIA, ICS, and/or PRESTIGE owed a duty under the General Maritime Law of the United States to provide Seaman THOMPSON with prompt, proper, and adequate Maintenance and Cure upon his becoming injured while in the service of the *M/V "OCEANIA RIVIERA."*

49.  Under the General Maritime Law of the United States, the Maintenance and Cure to which Seaman THOMPSON is entitled includes the three remedies of "Maintenance," "Cure, and "Unearned Wages."

50.  The "Unearned Wages" remedy is the entitlement of a seaman who is injured while in the service of his ship to be paid all the amounts which he reasonably expected to earn during his term of employment.

51.  As of the date of this Complaint, the amount of Unearned Wages due and owing to Seaman THOMPSON, if any, is unknown to him and cannot be ascertained due to the failure and/or refusal of Defendants OCEANIA, ICS, and/or PRESTIGE to provide his counsel with complete copies of his employment and payroll files.

52.  Seaman THOMPSON, through his counsel, has repeatedly requested, both verbally and in writing, to be provided with

Case No. _____

complete copies of his employment, payroll, and medical files, but to no avail because Defendants OCEANIA, ICS, and/or PRESTIGE have persisted in their failure and/or refusal of to provide the requested records.

53. As a direct and proximate result of the above-described failure and/or refusal of to provide the requested records, Seaman THOMPSON has been prejudiced and caused to suffer special damages in the total amount of all his Unearned Wages, if any, which remain unpaid.

WHEREFORE, Seaman THOMPSON demands trial by jury and requests this Court enter judgment jointly and severally against Defendants OCEANIA, ICS, and/or PRESTIGE and their successors in interest, if any, for special damages in the total amount of any already accrued Unearned Wages which remain unpaid, pre- and post-judgment interest, costs of suit, attorney's fees and such other additional damages as provided for under the General Maritime Law of the United States, and for such other and further relief as this Court deems just and proper.

## COUNT V
### ATTORNEY'S FEES

54. Seaman THOMPSON references, incorporates, and realleges the allegations of Paragraphs 1 through 28 and 37 through 53 as fully as if set forth herein.

55. The actions of Defendants OCEANIA, ICS, and/or PRESTIGE, through their agents, servants, and/or employees, in:

Case No. _____

      a.    Failing to timely and without unnecessary delay take all reasonable measures and steps necessary to provide prompt, proper, and adequate medical care and treatment to Seaman THOMPSON; and/or

      b.    Failing to timely and without unnecessary delay, in fact, provide prompt, proper, and adequate medical care and treatment to Seaman THOMPSON; and/or

      c.    Failing and/or refusing to provide Seaman THOMPSON, through his counsel, with the requested copies of his employment, payroll, and medical files;

was, and still is, knowing, willful, and arbitrary, and such that Seaman THOMPSON is entitled to an award of attorneys fees and such other additional damages as provided for under the General Maritime Law of the United States.

    WHEREFORE, Seaman THOMPSON demands trial by jury and requests this Court enter judgment jointly and severally against Defendants OCEANIA, ICS, and/or PRESTIGE and their successors in interest, if any, for an award of attorney's fees attorneys fees and such other additional damages as provided for under the General Maritime Law of the United States, pre- and post-judgment interest, costs of suit, and for such other and further relief as this Court deems just and proper.

Case No. _____

**DEMAND FOR JURY TRIAL**

Seaman THOMPSON demands trial by jury of all issues so triable as of right.

        Respectfully submitted,

        SOTOLONGO LAW
        Attorneys for Plaintiff Seaman JAMAR THOMPSON
        44 West Flagler Street
        Suite 1700
        Miami, Florida  33130
        (305)415-0073

        - and -

        NICOLAS G. SAKELLIS, P.A.
        Co-Counsel for Plaintiff Seaman JAMAR THOMPSON
        44 West Flagler Street
        Suite 750
        Miami, Florida  33130
        (305) 577-4221
        (305) 577-3341 Facsimile

        By: *s/ Nicolas G. Sakellis*
           NICOLAS G. SAKELLIS
           Florida Bar No. 939269
           *nsakellis@att.net*

           PETER P. SOTOLONGO
           Florida Bar. No. 584101
           *psotolongo@sotolongolaw.com*